UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

               Plaintiff,                     Case No. 1:21-cv-10655
v.                                                  Honorable Thomas L. Ludington
                                                              Magistrate Judge Patricia T. Morris
MID MICHIGAN FEED INGREDIENTS,
L.L.C., *et al.*,

               Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court pursuant to Plaintiff's Motion for Default Judgment. ECF No. 20. Plaintiff PNC Bank, National Association seeks a judgment awarding it money damages and possession of certain collateral as relief for Defendant Mid Michigan Feed Ingredients, L.L.C.'s breach of a loan agreement. For the reasons set forth below, Plaintiff's Motion for Default Judgment will be granted in part and denied in part.

**I.**

**A.**

Plaintiff PNC Bank, National Association ("PNC Bank") is a nationally chartered bank with headquarters located in the State of Delaware. ECF No. 1 at PageID.2. Defendant Mid Michigan Feed Ingredients, L.L.C. ("Michigan Feed") is a Michigan limited liability company located in Shiawassee County, Michigan. *Id.*

On July 31, 2018, Defendant Michigan Feed made and delivered to PNC Bank an amended and restated term note (the "Note") "to evidence a term loan that [PNC] Bank extended to [] Michigan Feed in the original principal amount of $1,199,530.30." *Id.* at PageID.6. An agreement

(the "Loan Agreement"), executed between the parties in December 2012, governed the terms and conditions of the loan arrangement. *Id.* The parties also executed a security agreement in 2012 whereby Michigan Feed granted PNC Bank a security interest in all of Michigan Feed's assets (the "Collateral") to secure repayment of the Note. *Id*. PNC Bank perfected its security interest pursuant to a financing statement filed with the Michigan Secretary of State. ECF No. 1 at PageID.11, 104–07. As additional support for payment of the Note, Defendant Waino Pihl provided PNC Bank with a personal unlimited guarantee of payment. *Id*. at PageID.6. Additional unlimited guarantees of payment were made to PNC Bank on the Loan Agreement by Defendants Gratiot AG Investments, L.L.C. and JBT Grain Company, L.L.C. on December 8, 2017. *Id.* at PageID.7.

The Note matured on April 1, 2019, at which point Defendants failed to pay the Note in full according to the terms of the Loan Agreement. *Id.* at PageID.7. PNC Bank thus demanded "full and immediate repayment of all sums owing from Defendants," but Defendants did not pay. *Id.* at PageID.8. According to the Complaint, as of March 15, 2021, the outstanding principal balance with interest and late fees was $642,902.08. *Id.* at PageID.9.

**B.**

PNC Bank brought this action on March 25, 2021 against Defendants Michigan Feed, Gratiot AG Investments, L.L.C., JBT Grain Company, L.L.C., Waino Pihl, and CHS Inc., alleging breach of note, breach of guaranty, and claim and delivery. ECF No. 1 at PageID.8–12. As remedy for the default, PNC Bank seeks an order awarding money damages, plus interest, as well as possession of the Collateral.[1] *Id.* at PageID.12.

According to certificates of service filed by PNC Bank, Defendants Michigan Feed, Gratiot AG Investments, L.L.C., JBT Grain Company, L.L.C., and CHS Inc. were served on April 6, 2021.

---

[1] PNC Bank claims that the aggregate value of the Collateral is less than the full amount owed under the Note. ECF No. 1 at PageID.12.

ECF Nos. 5–8. Defendant Waino Pihl was not served until May 7, 2021 and thus has until May 28, 2021 to answer the Complaint. ECF No. 23.

On April 22, 2021, Attorney Thomas J. Vitale filed an appearance on behalf of Defendant CHS Inc., a Minnesota corporation that apparently claims some interest in the Collateral. *See* ECF No. 1 at PageID.5; ECF No. 9. Defendant CHS Inc. was dismissed on May 19, 2021 pursuant to a stipulated order stating that PNC Bank's interest in the Collateral is senior and superior to that of Defendant CHS Inc. ECF No. 19 at PageID.142.

No other Defendant has filed an appearance in this matter. On April 29, 2021, PNC Bank requested an entry of default against Defendants Gratiot AG Investments, Michigan Feed, and JBT Grain Company. ECF Nos. 12–14. Shortly thereafter, the Clerk of the Court entered default as to said Defendants. ECF Nos. 15–18.

On May 10, 2021, PNC Bank filed the pending Motion for Default Judgment, asking this Court to enter judgment against Defendant Michigan Feed in the amount of $663,488.70, plus interest, and to grant PNC Bank possession of the Collateral. ECF No. 20. According to the affidavit of PNC Bank's counsel, filed along with the Motion, the proposed judgment amount of $663,488.70 would consist of the total debt owed by Defendants ($648,492.48) along with attorney fees ($14,209.50) and expenses ($786.72). ECF No. 20-2 at PageID.156.

## II.

Before a default judgment may be entered, a party first must obtain a default. Fed. R. Civ. P. 55(a). "Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction." *Ford Motor Company v. Cross*, 441 F. Supp. 2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

Rule 55(b)(1) allows a plaintiff to request the entry of default judgment from the clerk of the court when the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A plaintiff seeking a default judgment from the court under Rule 55(b)(2) is "not entitled to a default judgment as of right," and courts are "required to exercise sound judicial discretion" in deciding if default judgment is proper. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (4d ed.). While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Rule 55(b)(2) provides that a court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence."

### III.

#### A.

The first issue is whether PNC Bank may properly seek default judgment under Rule 55(b)(2). The Clerk of the Court entered default against Michigan Feed on April 30, 2021. ECF No. 18. PNC Bank purports to seek default judgment from this Court, rather than the Clerk, because its claim for possession of the collateral is not a claim for a "sum certain." ECF No. 20-2 at PageID.155. Accordingly, PNC Bank may seek default judgment under Rule 55(b)(2).

#### B.

The next issue is whether the factual allegations of the Complaint, accepted as true, establish PNC Bank's entitlement to the outstanding balance and possession of the Collateral. As stated in the Complaint, PNC Bank loaned Michigan Feed the original principal amount of $1,199,530.30, which Michigan Feed promised to repay consistent with the terms of the Note and

Loan Agreement. When the Note matured in April 2019, Michigan Feed did not pay the remaining balance and thereby defaulted on its obligations. "[A] promissory note is a binding contract under Michigan law . . . ."[2] *Dugan v. Vlcko*, 307 F. Supp. 3d 684, 694 (E.D. Mich. 2018). PNC Bank is therefore entitled to payment of the outstanding balance, possession of the Collateral, and any other remedies provided for in the Note and Loan Agreement and under Michigan law.

The entry of a default judgment in this case is further supported by the discretionary factors that courts generally consider when deciding a motion for default judgment. These factors include "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

The first three factors weigh heavily in favor of entering a default judgment. Simply put, denying PNC Bank's Motion would needlessly delay its recovery—a recovery that, as explained above, is well-supported by the factual allegations of the Complaint. Similarly, the fifth and sixth factors—the possibility of disputed material facts and the reason for default—weigh in favor of PNC Bank. Indeed, this is a rather straightforward breach of note case, and there is no indication that Michigan Feed has some excuse for its failure to appear and defend this action. Only the fourth and seventh factors seem to weigh in favor of Michigan Feed. But while the significant value of the outstanding balance and the preference for merit-based decisions should be noted, neither factor would seem so decisive as to justify denying PNC Bank's Motion for Default Judgment.

---

[2] Michigan law governs this case by virtue of the Loan Agreement, which states that the Agreement will be interpreted according to the "laws of the state where the Bank's office . . . is located." ECF No. 1 at PageID.32. The PNC Bank office in question was located in Saginaw, Michigan. *Id.* at PageID.24.

Based on the foregoing, PNC Bank will be awarded damages in the amount of $642,902.08 as well as possession of the Collateral.

**B.**

In addition to the outstanding balance, PNC Bank also seeks to recover its attorney fees and expenses. The Loan Agreement specifically allows for PNC Bank to recover "reasonable fees and expenses of counsel" incurred while "defending or prosecuting any actions arising out of or relating to th[e] Agreement." ECF No. 1 at PageID.30. The affidavit of PNC Bank's counsel states that PNC Bank has incurred $14,209.50 in attorney fees and $786.72 in expenses. ECF No. 20-2 at PageID.156.

PNC Bank's request for attorney fees and costs will be denied for lack of supporting evidence. A request for reasonable attorney fees "is not a sum certain until this Court determines that [the] requested figure is reasonable." *Iron Workers' Loc. No. 25 Pension Fund v. Acro Metals, Inc.*, No. 07-10881, 2007 WL 1500302, at *1 (E.D. Mich. May 23, 2007); *see also State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *3 (E.D. Mich. May 31, 2011) (granting bank's motion for default judgment as to outstanding balance but denying as to attorney fees). "To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007); *see also Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-CV-150, 2009 WL 10678619, at *2 (W.D. Mich. Sept. 28, 2009) ("Plaintiff bears the burden of establishing that it is entitled to recover attorney fees from defendant . . . and documenting the appropriate hours expended by the attorney on this case plus the hourly rate charged.").

The affidavit of PNC Bank's counsel, Joseph M. Ammar, includes neither an itemized list of attorney hours expended and the fees charged nor any information regarding the fee rate

customarily charged by Mr. Ammar or similarly situated attorneys. Without this information, this Court cannot determine a reasonable attorney fee. PNC Bank may renew its motion for attorney fees and costs consistent with this Order.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff PNC Bank, National Association's Motion for Default Judgment, ECF No. 20, is **GRANTED IN PART AND DENIED IN PART**. PNC Bank's request for damages in the amount of $642,902.08 and possession of the Collateral is **GRANTED**. PNC Bank's request for attorney fees and expenses is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that judgment will be entered in Plaintiff's favor and against Defendant Mid Michigan Feed Ingredients, L.L.C. Judgment will be entered separately from this Order.

Dated: May 25, 2021                                s/Thomas L. Ludington
                                                                                                       THOMAS L. LUDINGTON
                                                                                                             United States District Judge